**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joel Lopez, Jr.,                                           Case No. 24-cv-3285 (KMM/DJF)

        Petitioner,

v.

 Jared Rardin,

        Respondent.

---

Joel Lopez, Jr.,                                           Case No. 25-cv-322 (KMM/DJF)

        Petitioner,

v.

 Jared Rardin,

        Respondent.

---

Joel Lopez, Jr.,                                           Case No. 25-cv-325 (KMM/DJF)

        Petitioner,

v.

 Jared Rardin,

        Respondent.

---

**OMNIBUS ORDER**

Petitioner Joel Lopez, Jr. filed petitions for writs of habeas corpus pursuant to 28 U.S.C.

§ 2241 (collectively, "Petitions") in each of the above-captioned cases. *See Lopez v. Rardin*, No.

24-cv-3285 (KMM/DJF) ("*Lopez I*") (ECF No. 1); *Lopez v. Rardin*, No. 25-cv-322 (KMM/DJF) ("*Lopez II*") (ECF No. 1); and *Lopez v. Rardin*, No. 24-cv-325 (KMM/DJF) ("*Lopez III*") (ECF No. 1). On February 7, 2025, Mr. Lopez filed identical requests in each of his three cases. *See Lopez I* (ECF No. 35); *Lopez II* (ECF No. 6); *Lopez III* (ECF No. 6).[1] He asks the Court: (1.) to reassign *Lopez II* and *Lopez III* to District Judge Katherine Menendez and Magistrate Judge Dulce Foster, who are the judges assigned to *Lopez I*; and (2.) to consolidate the matters into a single proceeding. *See Lopez I* (ECF No. 35). Respondent took no position regarding the first request, but he objected to the second request on grounds that the three petitions: (1.) are not in the same procedural posture; (2.) relate to distinct factual circumstances; and (3) will not necessarily turn on the same legal issues. *See Lopez I* (ECF No. 38). The Court granted Mr. Lopez's reassignment request. *See Lopez I* (ECF No. 39). The Court now considers Mr. Lopez's consolidation request. After reviewing the Petitions, the Court denies Mr. Lopez's consolidation request for the reasons stated below.

Under Federal Rule of Civil Procedure 42(a), when actions before a court involve common questions of law or fact, the court may join any or all matters at issue in the actions for hearing or trial, consolidate the actions in their entirety, or issue other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). "All claims and issues sharing common aspects of law or fact may be consolidated." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). "Consolidation of issues and claims is committed to the discretion of the trial court." *Id.* (citing Fed. R. Civ. P. 42(a)).

---

[1] Since the requests filed in each of the cases are identical, the Court cites only the *Lopez I* request hereinafter.

The Court does not believe that consolidation of the Petitions is warranted.  Although Mr. Lopez's petitions share some common legal arguments the legal arguments are not all the same, and the differences in the underlying facts and the legal issues at play make consolidation impractical.  Each of the Petitions concerns a different disciplinary proceeding.  *See Lopez I* (ECF No. 1 at 2); *Lopez II* (ECF No. 1 at 2); *Lopez III* (ECF No. 1 at 2).  These proceedings also are not relatively close in time to one another.  *See Lopez I* (ECF No. 2 at 6) (proceeding occurred in 2024); *Lopez II* (ECF No. 1 at 2) (proceeding occurred on February 10, 2022); *Lopez III* (ECF No. 1 at 2) (proceeding occurred on July 12, 2014).  Mr. Lopez challenges these proceedings partly on the basis that the Discipline Hearing Officers ("DHOs") that presided over the proceedings did not have the constitutional authority to do so.  *See Lopez I* (ECF No. 1 at 7); *Lopez II* (ECF No. 1 at 6-7); *Lopez III* (ECF No. 1 at 6-7).  But to assess the legal merits of this claim, the Court will need to examine the appointment procedure of each DHO independently.   *See* 28 C.F.R. § 541.8 (defining the qualifications and duties of a DHO without specifying their appointment process).  Mr. Lopez also alleges different legal grounds in his petitions.  For example, in *Lopez II* and *Lopez III*, he argues his "Miranda Rights" were violated, but he does not raise this argument in *Lopez I*. *Compare Lopez I* (ECF No. 1 at 6-7), *with Lopez II* (ECF No. 1 at 6-7), *and Lopez III* (ECF No. 1 at 6-7).  Respondent has also indicated that he intends to raise unique legal defenses in one of the cases.  *See Lopez I* (ECF No.  38 at 2).  Given these discrepancies the Court does not believe any efficiency will be gained in consolidating these matters and therefore denies Mr. Lopez's request to consolidate.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Petitioner Joel Lopez, Jr.'s requests to consolidate the Petitions, *Lopez v. Rardin*, No. 24-cv-3285 (KMM/DJF) (ECF No. 35); *Lopez v. Rardin*, No. 25-cv-322 (KMM/DJF) (ECF No. 6); and *Lopez v. Rardin*, No. 24-cv-325 (KMM/DJF) (ECF No. 6), are **DENIED**.

Dated: February 19, 2025

s/ *Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge